UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CLARENCE MCCLURE, )<br>)<br>Petitioner, )<br>v. )<br>)<br>STANLEY KNIGHT, )<br>)<br>Respondent. ) | Case No. 2:13-cv-0057-JMS-WGH |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Clarence McClure for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 12-08-0002. For the reasons explained in this Entry, McClure's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On July 31, 2012, Officer David Wire issued McClure a conduct report charging him with possession or use of any controlled substance. Officer Wire reported that on July 26, 2012, at approximately 10:00, a medical emergency was called due to McClure having a seizure. He further reported that the investigation showed that McClure was under the influence of a controlled substance named Suboxone which triggered the seizure-like symptoms.

On August 2, 2012, McClure was notified of the charge and given a copy of the report of conduct and the screening report. He was notified of his rights, pled not guilty, and requested the appointment of a lay advocate. He requested a witness, Offender Dykstra, but did not request any physical evidence. A hearing was conducted on August 7, 2012.

At the hearing, McClure stated that he had epilepsy and that is why he had a seizure. He denied using drugs. A disciplinary hearing officer found McClure guilty of the charge and issued the following sanctions: a written reprimand and 30 days earned credit time deprivation. In finding McClure guilty the hearing officer considered the staff reports and McClure's statement.

McClure appealed this disciplinary proceeding through the administrative process without success. McClure now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were denied.

### C. Analysis

McClure raises a single ground for relief, that the evidence was insufficient to find him guilty. He argues that at no time did the reporting officer claim to have seen McClure use or possess any unauthorized substance. McClure further contends that the only investigation undertaken by Officer Wire was the officer's "guess" that McClure used Suboxone. McClure

asserts that there was no evidence that supported the charge. This assertion is contradicted by the record.

The report of Officer Wire's investigation indicated the following:

- A nurse reported having received information that McClure's seizure was triggered by Suboxone;

- Five confidential informants were interviewed who stated that McClure admitted to coming down off of Suboxone and was attempting to locate someone who could provide him with more Suboxone;

- McClure was interviewed and he denied using Suboxone or trying to find someone who could provide him with that drug, but he did remember telling medical staff that he was still sick and might have another seizure before being released back to his dorm;

- McClure admitted to using Suboxone in the past and having had a drug problem on the streets.

The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). "In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id.* (internal quotation omitted). The Report of Disciplinary Hearing reflects that the hearing officer considered staff reports and the statement of the offender. A rational adjudicator could readily conclude from the content of the conduct report and the report of investigation that McClure had possessed or used Suboxone. This supports the finding that

McClure was guilty of the charge of possession or use of any controlled substance. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court Awill overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). There is no requirement that a reporting officer actually witness an offender possess or consume drugs to support a charge of possession. In addition, McClure's disagreement with the hearing officer's decision not to accept his claim of innocence as true does not demonstrate a violation of his due process rights.

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, McClure's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  07/29/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Clarence McClure, No. 162177
Westville Correctional Center
Inmate Mail/Parcels
5501 South 1100 West
Westville, IN 46391-0473

All electronically registered counsel